No. 00-748

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 69

CITY OF MISSOULA,

Plaintiff/Respondent,

v.

JOHN FERGUNSON,

Defendant/Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Andrew F. Scott, Scott Law Office, Missoula, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Micheal S. Wellenstein, Assistant Montana Attorney General, Helena, Montana; Gary Hendricks, Assistant Missoula City Attorney, Missoula, Montana

Submitted on Briefs: March 15, 2001
Decided: April 19, 2001

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 John Fergunson (Fergunson) pled guilty in Missoula Municipal Court to driving under the influence of alcohol and operating a motor vehicle the wrong way on a one-way street, reserving his right to appeal the denial of his motion to suppress the evidence from his breath test. The Fourth Judicial District Court, Missoula County, affirmed the decision of the Municipal Court, and Fergunson appeals to this Court. We affirm.

¶2 The only issue on appeal is as follows:

> Did the Municipal and District Courts correctly deny Fergunson's motion to suppress the results of his breath test, which was premised on the grounds that he was provided misleading information about the ramifications of his failure to take the test?

## FACTUAL BACKGROUND

¶3 During the early morning hours of September 25, 1999, Fergunson was arrested for driving under the influence of alcohol and driving the wrong way down a one-way street in downtown Missoula, Montana. After his arrest, an officer read Fergunson an implied consent advisory form. It stated in pertinent part:

> 3. If you refuse to take the tests, your driver's license will be seized and suspended for six (6) months.

> 4. If you were arrested for DUI in the past five (5) years, refused to take a test then, and refuse to take the tests again today, your driver's license will be revoked for one (1) year.

5. You cannot get a probationary or necessary use license if you refuse to take the test(s). If you refuse the test you may appeal the action taken against your driver's license in district court.

* * *

7. If you are from another state and you refuse to take the tests, the Department will send your driver's license to your home state and tell them that you refused the tests.

After being read the implied consent advisory form, Fergunson agreed to submit to a breath test and his results indicated an alcohol concentration of .183.

¶4 Fergunson was subsequently charged in Missoula Municipal Court with driving under the influence of alcohol and operating a motor vehicle the wrong way on a one-way street. On November 2, 1999, Fergunson filed a motion to suppress the results of his Breathalyser test. Fergunson argued that because he had an Iowa driver's license the implied consent advisory form read to him misstated the law and, thus, he was unlawfully coerced into taking the breath test. On March 10, 2000, the Municipal Court denied his motion to suppress. Fergunson entered a conditional guilty plea and appealed to the District Court. On September 11, 2000, the District Court issued an opinion and order affirming the Municipal Court's order denying Fergunson's motion to suppress. Fergunson now appeals the denial of his motion to suppress to this Court.

## DISCUSSION

¶5 **Did the Municipal and District Courts correctly deny Fergunson's motion to suppress the results of his breath test, which was premised on the grounds that he was provided misleading information about the ramifications of his failure to take the test?**

¶6 We review a district court's denial of a motion to suppress to determine whether its findings of fact are clearly erroneous and whether those findings were correctly applied as a matter of law. *State v. Simmons*, 2000 MT 329, ¶ 9, __ Mont. ___, ¶ 9, 15 P.3d 408, ¶ 9.

¶7 Fergunson argues that the implied consent advisory form read to him misstates the law as it applies to nonresidents, since it fails to inform them that only their driving privileges in the State of Montana will be suspended. Fergunson argues that this misstatement

constitutes an unlawful coercion when it leads a person into taking a breath test without having all of the correct relevant information upon which to make an informed decision. Fergunson cites two Georgia cases in support of his argument: *Deckard v. State*, 436 S. E.2d 536 (Ga. App. 1993); and *State v. Coleman*, 455 S.E.2d 604 (Ga. App. 1995). The State counters that this Court recently rejected a similar argument in *Simmons*.

¶8 *Simmons* is factually and legally similar to this case. Simmons was a Nevada resident with a Nevada driver's license. *Simmons*, ¶ 11. He argued that the information he was given about the consequences of refusing a breath testing was "completely erroneous and misleading" because "the State of Montana has no authority to seize or suspend [his] Nevada driver's license." *Simmons*, ¶ 11. Simmons also cited the same line of Georgia cases offered by Fergunson in support of his argument. *Simmons*, ¶ 12. This Court, however, concluded that "Simmons was provided with sufficiently accurate information as to the ramifications of a refusal to submit to testing." *Simmons*, ¶ 18. We further found that the advisory form was not erroneous and did not affirmatively mislead Simmons. *Simmons*, ¶ 18.

¶9 We conclude that our holding in *Simmons* controls this case. The only significant differences between the case at bar and *Simmons* weigh against Fergunson. Fergunson was informed that "[i]f you are from another state and you refuse to take the tests, the Department will send your driver's license to your home state and tell them that you refused the test." Simmons was not given any such instruction. Moreover, Fergunson does not argue, as Simmons did, that his Iowa license would not be suspended under the same circumstances. Rather, he argues that the terms of license suspension in Iowa are different than in Montana, and that he was therefore coerced by the threat of a greater suspension here than he would have faced in his home state.

¶10 In Iowa, a person refusing an alcohol test has his license suspended for eight months if there was no previous revocation within the previous six years; however, he is eligible for a temporary restricted license after three months. Section 321J.9.2, ICA. Montana law does not allow for a temporary restricted license, but the first license suspension lasts only six as opposed to eight months. Section 61-8-402, MCA. Thus, while the two states' laws are not identical, Fergunson would have forfeited his license in Iowa as well as in Montana, and for a longer period.

¶11 Given that Fergunson's right to operate a motor vehicle faced suspension in both states for the refusal to take the test, and in light of Fergunson being told his license would be

returned to his home state, we are unpersuaded by his argument that he was misled or unlawfully coerced into taking the breath test. The purposes of Montana's implied consent advisory forms are to put an apparently intoxicated driver on notice of the potentially serious consequences of refusing a blood alcohol test, and to alert him to his due process protections germane to independent testing and post-testing hearings. *Simmons*, ¶ 17. As in *Simmons,* those purposes were accomplished here. We therefore conclude that the courts below correctly denied Fergunson's motion to suppress.

¶12 The District Court is affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER