No. 02-014

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 267

CALVIN GRIFFIN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and for the County of Missoula, Cause No. D.V.-01-458
                      The Honorable Edward P. McLean, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Calvin Griffin, Deer Lodge, Montana (*pro se*)

        For Respondent:

        Mike McGrath, Montana Attorney General, Gregg W. Coughlin, Assistant
        Montana Attorney General, Helena, Montana; Fred Van Valkenburg,
Missoula            County Attorney, Kirsten LaCroix, Deputy Missoula County Attorney,
        Missoula, Montana


                       Submitted on Briefs:  January 9, 2003

                               Decided:  September 30, 2003

Filed:

                            _____
                                  Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Appellant Calvin Griffin was convicted of ten counts of sexual abuse of children in the Fourth Judicial District Court, Missoula County.  Griffin subsequently filed a petition for post-conviction relief in which he alleged various claims, including ineffective assistance of counsel.  The District Court denied Griffin's petition for post-conviction relief, and Griffin appeals.  We affirm.

¶2     We restate the sole issue on appeal as follows:

¶3     Did the District Court err in denying Griffin's petition for post-conviction relief?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     Calvin Griffin was charged by information with 174 counts of sexual abuse of children, in violation of § 45-5-625(1)(e), MCA (1997).  Griffin plead not guilty to all 174 counts on July 28, 1999.  On June 6, 2000, the Respondent, State of Montana, filed an amended information, charging Griffin with ten counts of sexual abuse of children.  Pursuant to a plea agreement, Griffin plead guilty to the ten counts contained in the amended information on June 21, 2000.  Griffin was sentenced by the District Court on August 2, 2000.

¶5     On June 13, 2001, Griffin filed a *pro se* petition for post-conviction relief.  Griffin's petition asserted various claims, including ineffective assistance of counsel.  The District Court denied Griffin's petition on November 5, 2001, stating that all of Griffin's claims were "barred, waived, or fail[ed] on the face of the Petition and the record."  Griffin appealed the

2

District Court's denial of his petition for post-conviction relief on November 19, 2001.

¶6     With his appeal pending, Griffin filed a *pro se* petition for writ of supervisory control with this Court on May 14, 2002. Griffin's petition alleged that, pursuant to the United States Supreme Court's decision in *Ashcroft v. Free Speech Coalition* (2002), 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403, his conviction was invalid. We issued an order on July 16, 2002, denying Griffin's petition for writ of supervisory control, and remanding Griffin's petition for post-conviction relief to the District Court for consideration of his *Ashcroft* claim. Upon remand, the District Court examined Griffin's *Ashcroft* claim and determined that it failed as a matter of law. Accordingly, the District Court returned the instant case to this Court, for disposition of Griffin's appeal, on September 3, 2002.

## STANDARD OF REVIEW

¶7     The standard of review of a district court's denial of a petition for post-conviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Porter v. State*, 2002 MT 319, ¶ 13, 313 Mont. 149, ¶ 13, 60 P.3d 951, ¶ 13.

## DISCUSSION

¶8     Did the District Court err in denying Griffin's petition for post-conviction relief?

¶9     On appeal, Griffin asserts that the District Court erred when it denied his petition for post-conviction relief. The State counters that because Griffin failed to advance evidence in support of his claims, the District Court properly dismissed his petition as a matter of law. We agree.

3

¶10 A person requesting post-conviction relief has the burden to show, by a preponderance of the evidence, that the facts justify relief. *State v. Peck* (1993), 263 Mont. 1, 3-4, 865 P.2d 304, 305. If a post-conviction petition fails to state a claim for relief, a district court may dismiss the petition as a matter of law. Section 46-21-201(1)(a), MCA (1999). Section 46-21-104, MCA (1999), addresses the proper contents of a petition for post-conviction relief. Section 46-21-104, MCA (1999), provides, in pertinent part, that:

> (1) The petition for post-conviction relief must:
>
> . . .
>
> (c) identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.

¶11 In this case, Griffin's petition for post-conviction relief asserted claims of: (1) prosecutorial misconduct; (2) double jeopardy; (3) judicial bias, and (4) ineffective assistance of counsel. However, Griffin failed to bolster his claims with supporting evidence, as required by § 46-21-104(1)(c), MCA (1999). That is, while Griffin made numerous factual allegations relating to his claims, he neglected to provide affidavits, records, or other evidence to support such allegations. We have stated that allegations in a petition for post-conviction relief do not constitute evidence. *State v. Hanson*, 1999 MT 226, ¶ 22, 296 Mont. 82, ¶ 22, 988 P.2d 299, ¶ 22. Griffin's petition for post-conviction relief failed to meet the requirements of § 46-21-104(1)(c), MCA (1999). Accordingly, the District Court did not err in denying Griffin's petition.

¶12    Griffin further contends that he should have been granted an evidentiary hearing on his petition for post-conviction relief. However, such a hearing is not required. A district court is permitted to dismiss a petition for post-conviction relief based solely upon the files and records of the case. See § 46-21-201(1)(a), MCA (1999), and *Swearingen v. State*, 2001 MT 10, ¶ 7, 304 Mont. 97, ¶ 7, 18 P.3d 998, ¶ 7. Moreover, as we noted above, the allegations in Griffin's petition were not supported by any form of evidence. We have previously concluded that unsupported allegations are not sufficient to entitle a post-conviction petitioner to an evidentiary hearing. *Hanson*, ¶ 22. Therefore, the District Court did not err in denying Griffin's petition for post-conviction relief without conducting a hearing.

¶13    Griffin also maintains that, pursuant to the United States Supreme Court's decision in *Ashcroft v. Free Speech Coalition* (2002), 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403, his conviction is invalid. Griffin was convicted under § 45-5-625, MCA (1997), which provides, in pertinent part:

> (1) A person commits the offense of sexual abuse of children if the person:
>
> . . .
>
> (e) knowingly possesses any visual or print medium in which children are engaged in sexual conduct, actual or simulated[.]

Griffin was discovered to be in possession of images of children engaged in sexual conduct. As such, Griffin was charged with, and convicted of, violating § 45-5-625(1)(e), MCA (1997).

5

¶14    In *Ashcroft*, the United States Supreme Court held that 18 U.S.C. § 2256(8)(B), which prohibited "virtual child pornography," was unconstitutional and overbroad. *Ashcroft*, 535 U.S. at 241, 256, 122 S.Ct. at 1397, 1405. Consequently, Griffin asserts that pursuant to *Ashcroft*, § 45-5-625(1)(e), MCA (1997), is unconstitutional, and his conviction is invalid. However, "virtual child pornography," as defined in 18 U.S.C. § 2256(8)(B), refers to images that are created *without* using actual children. *Ashcroft*, 535 U.S. at 241-42, 122 S.Ct. at 1397. Griffin was convicted under § 45-5-625(1)(e), MCA (1997), which criminalizes the possession of visual or print medium in which *actual children* are engaged in sexual conduct. The District Court found that the images in Griffin's possession were "clearly and obviously created by someone actually photographing real children engaging in actual sexual activities with other real children and/or with real adults." Therefore, neither the statute under which Griffin was convicted, nor Griffin's crimes, dealt with child pornography that was "virtual" in nature. As such, the *Ashcroft* decision is inapplicable to the instant case.

¶15    Finally, we note that Griffin's appellate brief contains an argument, regarding his eligibility for parole, which did not appear in either his petition for post-conviction relief or his petition for writ of supervisory control. Thus, Griffin raises this issue for the first time on appeal. We have repeatedly held that we will not address issues raised for the first time on appeal. *State v. Bingman*, 2002 MT 350, ¶ 58, 313 Mont. 376, ¶ 58, 61 P.3d 153, ¶ 58. Accordingly, we decline to address Griffin's argument regarding his eligibility for parole.

¶16    For the foregoing reasons, the judgment of the District Court is affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE