No. 03-325

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 86N

ALAN KENNETH PETERSON,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. DC 2000-183,
The Honorable Jeffrey Langton, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Alan Kenneth Peterson (pro se), Deer Lodge, Montana

       For Respondent:

           Hon. Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

           George H. Corn, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  November 13, 2003

Decided:  April 6, 2004

Filed:

_____
               Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On February 11, 2003, we entered an order amending Section 1.3 of our 1996 Internal Operating Rules. The amended Section 1.3(d) provides in relevant part:

> (i) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion affirming the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the appeal is without merit because:
> (1) the issues are clearly controlled by settled Montana law or federal law binding upon the states;
> (2) the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below; or
> (3) the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

We conclude that this is an appropriate case to decide pursuant to our February 11, 2003, order.

¶3 On January 8, 2001, the State charged Peterson with seven offenses: Count I - Driving Under the Influence of Alcohol and/or Drugs (4th or subsequent offense), a Felony, in violation of § 61-8-401(1)(a), MCA; Count II - Assault on a Peace or Judicial Officer, a Felony, in violation of § 45-5-210(1)(d), MCA; Count III - Escape, a Felony, in violation of § 45-7-306, MCA; Count IV - Resisting Arrest, a Misdemeanor, in violation of § 45-7-301(1)(b), MCA; Count V - Obstructing a Peace Officer, a Misdemeanor, in violation of §

45-7-302, MCA; Count VI - Driving While License Suspended or Revoked (2nd offense), a Misdemeanor, in violation of § 61-5-212, MCA; and Count VII - Failure to Provide Proof of Insurance (2nd Offense), a Misdemeanor, in violation of § 61-6-302, MCA.

¶4 Peterson initially pled not guilty to all counts. Later, as part of a plea bargain, Peterson changed his plea to guilty on Counts I, II, VI, and VII. At the change of plea hearing, the District Court advised Peterson of his rights under the terms of the plea agreement. Peterson stated that he was aware of his rights. The District Court found factual basis for Peterson's plea, found that Peterson knowingly, voluntarily, and intelligently pled guilty to the charges, and accepted Peterson's plea. Peterson was sentenced and the Sentence Review Board affirmed the sentence except for a parole restriction. Peterson did not attempt to appeal, but filed a petition for post-conviction relief.

¶5 In his petition Peterson makes claims of ineffective assistance of counsel, judicial bias, prosecutorial misconduct, newly-discovered evidence, and alleges violations of his due process, double jeopardy, and various other constitutional rights.

¶6 With respect to the constitutional claims, Peterson makes bald allegations and offers no support for them. We will not further address claims that offer no discernable argument pursuant to Rule 23(a)(4), M.R.App.P.

¶7 Peterson's remaining claims, including ineffective assistance of counsel, are clearly record-based. All of them could have been raised on direct appeal. Grounds for relief which could reasonably have been raised on direct appeal may not be raised in a petition for post-conviction relief pursuant to § 46-21-105(2), MCA. Peterson has not presented evidence of any non-record allegations that would possibly entitle him to post-conviction relief, pursuant

3

to the requirements of § 46-21-104, MCA. He failed to provide affidavits, records, or other evidence to support his allegations. Bare allegations in a petition for post-conviction relief do not constitute evidence. *Griffin v. State*, 2003 MT 267, ¶ 11, 317 Mont. 457, ¶ 11, 77 P.3d 545, ¶ 11. The District Court was correct, pursuant to § 46-21-201(1)(a), MCA, to deny Peterson's petition for post-conviction relief without an evidentiary hearing.

¶8    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

4