FILED

11/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0259

DA 19-0259

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 290N

DONNIE NOLAN,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 18-188
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Donnie Nolan, Self-Represented, Shelby, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

        Scott D. Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  October 7, 2020

Decided:  November 17, 2020

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In 2013, Donnie Nolan was charged with failing to register as a violent offender. The State alleged Nolan had moved to a new address and failed to register that address. Nolan contended that he maintained the previous address and thus was only required to register at the subsequent address when the registration agency required it, and that the agency did not request the subsequent address.

¶3 Section 46-23-504(4)(a), MCA, provides an exception to the single residence definition in § 1-1-215, MCA, outlines the requirements for offenders who have more than one residence, and requires that all residences where the offender regularly resides be registered when requested by the registration agency. On November 7, 2013, Nolan appeared with his counsel, Richard Phillips (Phillips) from the Office of Public Defender (OPD), for arraignment. Nolan entered a not guilty plea, objected to the arraignment process, and refused to sign the release order. On November 15, 2013, the OPD assigned Nancy Schwartz (Schwartz), who had previously represented Nolan in another matter, to this case. On November 25, 2013, the State filed notice of intention to designate Nolan as a persistent felony offender (PFO).

¶4     On February 5, 2014, Schwartz filed a motion to dismiss arguing that the State could not show that Nolan failed to "knowingly" register or maintain his registration as required by the Sexual and Violent Offender Registry Act (SVORA). On February 28, 2014, the District Court denied Nolan's motion. Trial was scheduled for March 25, 2014. On March 17, 2014, Schwartz filed a motion to withdraw as counsel for Nolan, citing irreconcilable differences. On March 18, 2014, a hearing was held to address the issues regarding Nolan's counsel for the upcoming trial; at the hearing Nolan agreed to proceed with Schwartz as his counsel.

¶5     On March 24, 2014, Schwartz filed a second motion to dismiss arguing that SVORA was unconstitutionally vague. On March 25, 2014, the District Court dismissed the motion as untimely during the pretrial hearing. The court stated, "the law is clear, if one moves to a new residence, [they] have to register the new residence within three days." The District Court explained that pursuant to § 46-323-504, MCA, if Nolan maintained his first residence, then he was not in violation of the statute. Alternatively, the court explained that if Nolan did not maintain his first residence when he took the second, he was in violation of § 46-23-504, MCA. On March 26, 2014, the court reset the trial for September 8, 2014.

¶6     On April 11, 2014, OPD filed notice that Nolan's case had been reassigned from Schwartz to Daniel Ball (Ball). For about two months leading up to the September trial, despite being advised by the court that he needed to file pleadings through counsel, Nolan filed numerous pleadings pro se. On September 4, 2014, the District Court held a status hearing where Ball advised the court that Nolan was not satisfied with his representation.

3

Nolan argued that Ball was not sufficiently pursuing evidence and witnesses and not visiting him enough. Nolan also argued that race was playing a negative role in the proceedings. The State argued that Nolan was on his sixth attorney and was attempting to continue the proceedings. The State objected to the removal of Ball from the case. Following a significant discussion regarding Nolan's concerns, the District Court denied the request for new counsel.

¶7 A jury trial was held September 8 and 9, 2014. Nolan was convicted of failing to register as a violent offender. On November 12, 2014, the District Court sentenced Nolan as a PFO under § 46-18-502, MCA, and fined Nolan $34,780 with credit for time served. On January 22, 2015, Nolan appealed. On March 7, 2017, we affirmed Nolan's conviction. *State v. Nolan*, No. DA 15-0051, 2017 MT 53N, 2017 Mont. LEXIS 102. On February 8, 2018, Nolan petitioned the District Court for post-conviction relief.

¶8 The District Court held that Nolan's petition failed to state a claim for which the court could provide relief under § 46-21-104(1)(c), MCA. Specifically, Nolan did not provide any legal authority or evidence such as affidavits to substantiate his allegations. Further, the court ruled that all of Nolan's claims, except for the ineffective assistance of counsel, were barred as they should have been raised on direct appeal. Section 46-21-105, MCA.

¶9 We review a district court's denial of a post-conviction relief petition to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Maldonado v. State*, 2008 MT 253, ¶ 10, 345 Mont. 69, 190 P.3d 1043 (citation omitted). We review a district court's discretionary rulings in

4

post-conviction relief proceedings for abuse of discretion. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118. Ineffective assistance of counsel claims are mixed questions of law and fact and are reviewed de novo. *Maldonado*, ¶ 10 (citation omitted).

¶10 Nolan argues on appeal that he attended his arraignment without counsel, which violated his Sixth Amendment right to counsel, and that the District Court erred in denying him a hearing on his petition for post-conviction relief. He also makes claims of ineffective assistance of counsel regarding multiple attorneys.

¶11 We find Nolan's argument that he was not represented at his arraignment to be without merit. The record reflects that Phillips represented Nolan at his arraignment and entered a plea of not guilty on Nolan's behalf.

¶12 Petitions for post-conviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA; *Griffin v. State*, 2003 MT 267, ¶ 10, 317 Mont. 457, 77 P.3d 545. The petition must also "be accompanied by a supporting memorandum, including appropriate arguments and citations and discussion of authorities." Section 46-21-104(2), MCA.

¶13 The District Court did not abuse its discretion by denying Nolan a hearing on his petition for post-conviction relief. A district court's decision on whether to hold an evidentiary hearing on a post-conviction petition is discretionary and necessary only in unique circumstances, such as where a hearing is essential to evaluate non-record facts that may be brought up in the claim. *Heath*, ¶¶ 21-24. "If a post-conviction petition fails to state a claim for relief, a district court may dismiss the petition as a matter of law." Griffin,

5

¶ 10 (citation omitted). Nolan did not provide the District Court with affidavits, records, or other evidence to support his petition for post-conviction relief. Nor did he provide legal arguments or citations to support his claim. Nolan's petition failed to state a claim for relief under § 46-21-104, MCA.

¶14 Nolan's claims of ineffective assistance of counsel are inadequate. We use a two-prong test in assessing claims of ineffective assistance of counsel. *Heath*, ¶ 17; *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under the test from *Strickland*, a defendant must establish that their counsel was deficient, that the deficient performance was prejudicial, and that the defendant was deprived of a fair trial. *Heath*, ¶ 17 (citations omitted). Nolan did not establish deficiency, but rather provided many allegations without evidence. Nolan also failed to provide evidence of prejudice resulting from the alleged ineffective assistance of counsel. Conversely, attorneys Schwartz, Ball, and Chad Vanisko submitted affidavits addressing Nolan's claims of ineffective assistance of counsel. The affidavits outlined the scope of each attorney's representation and explained the actions that Nolan called into question in his petition.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed.

/S/ MIKE McGRATH

6

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE