FILED

12/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0591

DA 19-0591

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 323N

JACOB SMITH,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV-2018-929
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jacob Smith, Self-Represented, Deer Lodge, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

      Leo Gallagher, Lewis and Clark County Attorney, Fallon Stanton, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  November 12, 2020

Decided:  December 22, 2020

Filed:

               _____
                           Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jacob Smith, representing himself, appeals from an order, entered in the First Judicial District Court, Lewis and Clark County, denying Smith's motions to set a schedule for amending his petition for postconviction relief and to amend his petition for postconviction relief.  We affirm.

¶3     On February 14, 2017, Smith pleaded guilty to felony bail jumping and felony criminal possession of dangerous drugs.  The District Court sentenced Smith for both offenses based on his written and oral guilty pleas.  Smith filed a postconviction petition and supporting brief on July 30, 2018, alleging his guilty pleas were not voluntary because his assigned counsel had threatened and coerced him into pleading guilty.  Smith provided no further explanation or supporting documentation for these claims.

¶4     The District Court reviewed the merits of Smith's claim and issued an Order denying Smith's petition on October 19, 2018.[1]  The court found that Smith had signed an "extensive and detailed" acknowledgment and waiver of rights that explicitly confirmed he was pleading voluntarily and not as a result of force, threats, or promises made. The District Court explained it had engaged in a "thorough" and "comprehensive"

---

[1] The District Court entered a duplicate order on November 1, 2018.

colloquy with Smith at the time he entered his pleas to ensure Smith was proceeding intelligently, knowingly, and voluntarily. During the colloquy, the District Court confirmed Smith was satisfied with his attorney's services. In its Order, the District Court concluded that Smith presented only conclusory allegations against his counsel in his petition, which were insufficient to grant relief on his alleged claim that his pleas were involuntary. [2]

¶5 On November 5, 2018, Smith filed a motion to set a scheduling deadline to amend his original petition for postconviction relief. Smith conceded in his supporting brief that his original petition was deficient. On June 3, 2019, Smith filed a motion for leave to file an amended petition. The State opposed Smith's motions, arguing Smith was not permitted to file an amended petition because the postconviction proceeding had closed when the District Court issued its October 19, 2018 Order denying postconviction relief.

¶6 On June 17, 2019, Smith filed a 117-page Amended Verified Petition for Postconviction Relief and Brief in Support (Amended Petition) asserting issues of ineffective assistance of counsel. He alleged that his attorneys failed to interview

---

[2] The District Court also denied Smith's petition on grounds that it was not timely filed. Smith argues on appeal that this was in error, however, § 46-21-102(1), MCA, requires a petition for postconviction relief be filed within one year of the date that the petitioner's conviction becomes final. Smith's conviction became final as of April 15, 2017, and his petition was filed on July 30, 2018, more than three months after the required April 15, 2018 deadline. Therefore, the District Court was mandated to dismiss the petition unless Smith demonstrated it was based upon newly discovered evidence per § 46-21-102(2), MCA. The District Court correctly concluded that Smith's "vague assertions" about unspecified issues he had with the prison mailroom, without "any documentation or other evidence to support [this] allegation," were insufficient to excuse the untimeliness of his petition. Further, Smith did not assert he was actually innocent of either of the crimes to which he pleaded guilty as is required by § 46-21-102(2), MCA. The District Court properly concluded that Smith's petition was time-barred and the exception to the time bar did not apply.

witnesses, investigate the case, and file certain motions as requested by Smith. In his Amended Petition, Smith reiterated his claim that his pleas were not voluntary. The State responded to the Amended Petition on August 28, 2019, arguing that because the original petition had been denied, another petition would not be an "amended petition," but rather a "second or subsequent" petition that would be considered untimely under § 46-21-105(1)(b), MCA. On September 9, 2019, the District Court issued an order denying both Smith's pending motions, concluding Smith did not rely on newly discovered evidence and he offered no facts or explanations that were not known to him prior to entering his guilty pleas. The District Court explained that its previous order, which found Smith's petition meritless and procedurally barred, concluded the matter.

¶7 The District Court correctly denied Smith's request to file an amended petition because its October 19, 2018 Order concluded the matter. Accordingly, the only issue on appeal is whether the District Court correctly determined Smith's pleas were voluntary—the singular issue raised in Smith's first petition. This Court reviews "a district court's denial of postconviction relief to determine if the court's findings of fact are clearly erroneous and if its conclusions of law are correct." *Lacey v. State*, 2017 MT 18, ¶ 13, 386 Mont. 204, 389 P.3d 233 (citation omitted). As this Court observed in *Griffin v. State*, 2003 MT 267, ¶ 10, 317 Mont. 457, 77 P.3d 545, "[a] person requesting postconviction relief has the burden to show, by a preponderance of the evidence, that the facts justify relief. If a postconviction petition fails to state a claim for relief, a district court may dismiss the petition as a matter of law" pursuant to § 46-21-201(1)(a), MCA.

¶8 We look to the record in the underlying case to determine whether a guilty plea was entered into voluntarily. *State v. Wright*, 2001 MT 282, ¶ 14, 307 Mont. 349, 42 P.3d 753. In *Wright*, the petitioner alleged his trial counsel coerced him into pleading guilty. *Wright*, ¶ 14. The record in *Wright* was sufficient to evaluate the voluntariness of the plea, and we determined "the voluntary nature of Wright's plea was squarely addressed in the underlying proceeding and was well-documented." *Wright*, ¶ 16. Thus, this Court declined to disturb the district court's conclusion that Wright's plea was voluntary and not the result of coercion. *Wright*, ¶ 20.

¶9 Likewise, the record here demonstrates Smith's pleas were voluntary. Smith signed an extensive and detailed acknowledgment of waiver of rights, acknowledging he was entering his pleas voluntarily and not as the result of force, threats, or promises. In its order denying relief, the District Court specifically recalled and described its colloquy with Smith at his change of plea hearing as "thorough" and "comprehensive." During that colloquy, Smith acknowledged he was satisfied with his attorney's services, that he understood his right to proceed to trial, and that he was voluntarily and knowingly waiving certain rights by entering his guilty pleas. Smith affirmed he was *not* acting under any threats or coercion. The District Court's October 19, 2018 Order was detailed and it did not fail to address Smith's claim that his pleas were involuntary. Smith's claim that he pleaded guilty due to coercion is undermined not only by the acknowledgment of rights and thorough colloquy, but because he received a very beneficial plea agreement— seven felonies and one misdemeanor were dismissed, reducing his maximum exposure from 81 to 15 years. The voluntary nature of Smith's pleas was addressed by the

5

underlying proceedings and we decline to disturb the District Court's conclusion that his pleas were voluntary.

¶10 The District Court also correctly concluded that Smith's conclusory statements and mere citations to cases and constitutional provisions were insufficient to meet the pleading requirements of Montana's postconviction statutes, and we agree that Smith did not rely on newly discovered evidence. *See* § 46-21-102(2), MCA. As the District Court noted, everything recited in Smith's Amended Petition was information available to him at the time he entered his guilty pleas in this matter.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ JIM RICE