FILED

12/29/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0375

DA 20-0375

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 324N

LIONEL SCOTT ELLISON,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 18-1629
Honorable Matthew J. Wald, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lionel Scott Ellison, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Julie Elaine Mees, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  November 12, 2020

Decided:  December 29, 2020

Filed:

_____
                  Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lionel Scott Ellison appeals the July 9, 2020 order of the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief (PCR). We affirm.

¶3 On March 13, 2013, Ellison staged a crime scene in which he attempted to implicate a Yellowstone County Detective. Relative to that incident, Ellison was charged with four counts:

Count 1: Arson;
Count 2: Tampering with or Fabricating Physical Evidence;
Count 3: Tampering with or Fabricating Physical Evidence; and
Count 4: Impersonating a Public Servant, a felony.

¶4 A jury acquitted Ellison of the arson charge but convicted him of both counts of tampering with or fabricating physical evidence and the count of impersonating a public servant. We reversed the conviction for the second count of tampering with evidence, holding that Ellison's counsel was ineffective by failing to object to the second count under the multiple conviction statute. *State v. Ellison*, 2018 MT 252, ¶ 29, 393 Mont. 90, 428 P.3d 826 (*Ellison I*). We affirmed the convictions on the other two charges and remanded for resentencing. *Ellison I*, ¶ 29.

2

¶5 On remand, the District Court sentenced Ellison to ten years imprisonment for the tampering conviction and five years for the impersonation conviction. Ellison appealed, raising multiple challenges to both his sentence on remand and to his underlying convictions. *State v. Ellison*, 2019 MT 217N, ¶ 4, 397 Mont. 554, 455 P.3d 447 (*Ellison II*). We rejected Ellison's challenges to his resentencing and affirmed his sentence. *Ellison II*, ¶ 13. With respect to Ellison's collateral attacks on his conviction, we held that they were beyond the scope of his appeal. We noted that Ellison had already initiated a PCR proceeding and that would be the proper venue for pursuing a collateral attack to his underlying convictions. *Ellison II*, ¶ 11. We similarly held that Ellison's allegations of ineffective assistance of counsel (IAC) during the guilt phase of his trial and during his first appeal were beyond the scope of his appeal and that his pending PCR proceeding "may be the appropriate vehicle to raise such claims, subject to properly establishing them in that forum." *Ellison II*, ¶ 12.

¶6 Ellison's PCR petition alleged: (1) insufficiency of the evidence against him at trial; (2) judicial bias of the trial judge against Ellison due to supposed business interactions with Ellison's family; (3) mental impairment at trial impairing Ellison's ability to assist in his own defense; (4) malicious prosecution and prosecutorial misconduct; (5) perjury committed by the State's witnesses; (6) ineffective assistance of trial and appellate counsel; and (7) violation of the prohibition against double jeopardy by charging him with two counts of tampering with or fabricating physical evidence.

¶7 On July 9, 2020, the District Court denied Ellison's petition. In a twenty-six page Order, the District Court detailed and addressed Ellison's allegations and rejected them all.

The District Court concluded that an evidentiary hearing was not required. The District Court held:

> Even within the context of the Petition itself and the voluminous documents that Ellison has filed, he has been self-contradictory and consistently misrepresented the meaning of evidence and cases presented in support of his arguments. The only evidence that Ellison has in support of his claims is the testimony of himself and his parents. The Court finds Ellison's story and that of his parents to be completely without merit, frivolous, and one that Ellison intends to uphold even when the evidence directly contradicts it.

¶8 We review a district court's denial of a PCR petition to determine whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. *Griffin v. State*, 2003 MT 267, ¶ 7, 317 Mont. 457, 77 P.3d 545. We review discretionary rulings in postconviction proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *Sartain v. State*, 2012 MT 164, ¶ 43, 365 Mont. 483, 285 P.3d 407. IAC claims present mixed questions of law and fact which we review de novo. *State v. Henderson*, 2004 MT 173, ¶ 3, 322 Mont. 69, 93 P.3d 1231.

¶9 A petitioner seeking to reverse a district court's denial of a PCR petition bears a heavy burden. *Whitlow v. State*, 2008 MT 140, ¶ 21, 343 Mont. 90, 183 P.3d 861. The petitioner has the burden to show, by a preponderance of the evidence, that the facts justify relief. *Herman v. State*, 2006 MT 7, ¶ 44, 330 Mont. 267, 127 P.3d 422. In so doing, the petitioner must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. "Mere conclusory allegations" do not satisfy this procedural requirement. *Ellenberg v. Chase*, 2004 MT 66, ¶ 16, 320 Mont. 315,

4

87 P.3d 473. If a postconviction petition fails to state a claim for relief, a district court may dismiss the petition as a matter of law. Section 46-21-201(1)(a), MCA.

¶10 Having reviewed the record and the District Court's exhaustive order addressing Ellison's PCR contentions, we find no error in either the District Court's rejection of Ellison's petition, nor in its determination that a hearing was not warranted.[1]

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE

---

[1] Ellison also faults the District Court for failing to address his double jeopardy claim. Ellison alleges that the two charges of evidence tampering violated his right to be free from double jeopardy. Although the District Court did not address that issue, it lacks merit in any event because we vacated the second evidence tampering charge in Ellison's first appeal. *Ellison I*, ¶ 29.

5