No. 02-328

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 187

RICHARD D. SCHAFF,

            Petitioner and Appellant,

      v.

STATE OF MONTANA,

            Respondent and Respondent.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                 In and for the County of Yellowstone, Cause No. DC-95-622,
                 The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

            For Appellant:

                 Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana

            For Respondent:

                 Hon. Mike McGrath, Attorney General; Jennifer Anders,
                 Assistant Attorney General, Helena, Montana

                 Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

                                        Submitted on Briefs:  February 6, 2003

                                                Decided:  July 15, 2003

Filed:

      _____
                        Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1     Appellant Richard D. Schaff filed a petition for post-conviction relief in the Thirteenth Judicial District Court, Yellowstone County. The District Court denied the petition, and Schaff appeals. We affirm the judgment of the District Court.

¶2     We restate the sole issue on appeal as follows:

¶3     Did the District Court err in denying Schaff's petition for post-conviction relief?

## BACKGROUND

¶4     Richard D. Schaff was charged by information with one count of attempted deliberate homicide, one count of aggravated kidnaping, and two counts of sexual intercourse without consent on October 19, 1995. The information was then amended on January 8, 1996, to include one count of sexual assault, and amended for a second time on July 29, 1996, to include one count of witness tampering. Pursuant to a plea agreement, Schaff pled guilty to attempted deliberate homicide and witness tampering on September 12, 1996. The remaining charges against Schaff were dismissed.

¶5     On November 12, 1996, Schaff filed a motion to withdraw his guilty plea. The District Court denied Schaff's motion on December 13, 1996, and sentenced Schaff, according to the terms of his plea agreement, on December 19, 1996. Schaff appealed the District Court's denial of his motion to withdraw his guilty plea on January 10, 1997. We affirmed the District Court on May 4, 1998. See *State v. Schaff*, 1998 MT 104, 288 Mont. 421, 958 P.2d 682 (*Schaff I*).

¶6 On April 2, 1999, Schaff filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. The District Court denied Schaff's petition, without conducting a hearing, on January 7, 2000. Schaff subsequently appealed the District Court's denial of his petition on February 2, 2000. We examined Schaff's claim and determined that he should have been permitted a hearing to present the following non-record based ineffective assistance of counsel claims: (1) whether he received competent advice of counsel before entering his guilty plea; and (2) whether he was misled to think that he was required to proceed at the hearing on his motion to withdraw his guilty plea with his trial counsel when he was legally entitled to be represented by another attorney. *State v. Schaff*, 2001 MT 130, ¶¶ 8-10, 305 Mont. 427, ¶¶ 8-10, 28 P.3d 1073, ¶¶ 8-10 (*Schaff II*). Accordingly, we remanded the case to the District Court to appoint counsel and conduct a hearing on Schaff's petition for post-conviction relief on July 25, 2001. *Schaff II*, ¶ 11.

¶7 The District Court conducted a hearing on Schaff's petition for post-conviction relief on December 14, 2001. The District Court then denied Schaff's petition on March 20, 2002. Schaff appealed on April 18, 2002.

## STANDARD OF REVIEW

¶8 Our standard of review of a district court's denial of a petition for post-conviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9.

## DISCUSSION

¶9 Did the District Court err in denying Schaff's petition for post-conviction relief?

¶10 Schaff's petition for post-conviction relief asserted that he had received ineffective assistance of counsel from attorney Vernon Woodward. Woodward represented Schaff from the date of his arraignment (October 19, 1995), until January 14, 1997. As counsel for Schaff, Woodward: (1) supplied Schaff with copies of the discovery from his case; (2) arranged for Schaff to be transported to the State evidence room to examine the physical evidence from his case; (3) interviewed the victim and discussed her statements with Schaff; (4) provided Schaff with a copy of every document he sent or received that was related to Schaff's case; and (5) advised Schaff of the strengths and weaknesses of his case. Woodward also informed Schaff of the risks associated with going to trial, and told Schaff that if he were convicted of all of the offenses charged in the amended information, he would receive a prison sentence of approximately 100 years. Finally, Woodward advised Schaff that although he believed the evidence against Schaff was compelling, he thought Schaff had a chance of being acquitted at trial.

¶11 Woodward negotiated two plea agreements as part of his representation of Schaff. The first plea agreement called for Schaff to serve a total of seventy years in Montana State Prison. Schaff initially signed this first agreement, but ultimately rescinded the agreement before entering a plea of guilty in the District Court. The second plea agreement called for Schaff to serve a total of fifty years in Montana State Prison. Woodward received this second agreement on September 11, 1996, and brought it to Schaff at approximately 3:30

4

p.m. Woodward informed Schaff that the State had declared that the agreement was only available until the close of business that day. Schaff signed the agreement before 5:00 p.m. Schaff then entered a plea of guilty in the District Court on September 12, 1996.

¶12 In October of 1996, Schaff contacted Woodward and expressed a desire to withdraw his guilty plea. Woodward met with Schaff on October 31, 1996, and discussed the strengths and weaknesses of his case. Woodward again informed Schaff that although the evidence against him was compelling, he believed that if Schaff went to trial, he would have a "fighting chance."

¶13 Schaff subsequently filed a motion to withdraw his guilty plea on November 12, 1996. After Schaff filed his motion, Woodward met with Schaff on November 20, 1996, to discuss the hearing on his motion. Woodward asked Schaff if he wanted another attorney to represent him at the hearing, and Schaff declined. Despite Schaff's request that Woodward represent him, Woodward arranged for Chief Public Defender L. Sanford Selvey to attend the hearing in case Schaff changed his mind. Selvey attended the hearing, however, Schaff continued to request that Woodward represent him.

¶14 The hearing on Schaff's motion to withdraw his guilty plea was conducted on November 21, 1996. At the hearing, Woodward questioned Schaff as follows:

> Q. Mr. Schaff, the Court has asked that I inquire as to your willingness to allow me to proceed as your attorney. You heard that?
>
> A. Yes.
>
> Q. Okay. You and I discussed that yesterday, did we not?
>
> A. Yes, we did.

5

Q. Are you dissatisfied with my services?

A. No, I'm not.

Q. Do you want me to continue to represent you for purposes of today's hearing?

A. Yes, I do.

Q. And in the event that the Court allows you to withdraw your plea of guilty and to proceed to trial on the merits, do you wish for me to continue as your attorney at that time?

. . . .

Q. Do you want me to continue as your attorney?

A. Yes.

Q. You understand, do you not, that if you don't want me as your attorney, you have the right to say so?

A. Yes, I know that.

Q. And you understand that under the circumstances of the present situation that if you say you don't want me, the likelihood is that the Court will appoint the Public Defender's Office to represent you?

A. Correct.

Q. You understand that?

A. Yes.

Q. And are you willing to go forward with me being your lawyer today?

A. Yes, I am.

¶15 As we noted above, the District Court denied Schaff's motion to withdraw his guilty plea, and we affirmed the District Court's decision. *Schaff I*, ¶ 34. Schaff then filed a

petition for post-conviction relief, asserting that Woodward had provided him with ineffective assistance of counsel. The District Court denied Schaff's petition without conducting a hearing. Schaff appealed, and we remanded the case to the District Court to conduct a hearing on the non-record based ineffective assistance of counsel claims contained in Schaff's petition for post-conviction relief. *Schaff II*, ¶ 11.

¶16 Upon remand, the District Court conducted a hearing and admitted various pieces of evidence, including two boxes of files generated by Woodward during the course of his representation of Schaff. The District Court considered the evidence and determined that Woodward had provided effective, if not exemplary, assistance of counsel to Schaff throughout the proceedings. The District Court further noted that there was no evidence that Woodward pressured Schaff into signing the plea agreement, or that Schaff was not fully informed of his rights before entering his guilty plea on September 12, 1996. Finally, the District Court found that Schaff was fully advised of his right to be represented by another attorney at the hearing on his motion to withdraw his guilty plea. Accordingly, the District Court concluded that Woodward had provided Schaff with effective assistance of counsel.

¶17 On appeal, Schaff contends that the District Court's conclusions were not supported by substantial evidence. Specifically, Schaff maintains that Woodward pressured him into signing the plea agreement, and that Woodward did not inform him of his right to be represented by another attorney at the hearing on his motion to withdraw his guilty plea. Therefore, Schaff asserts that the District Court erred in concluding that he had received effective assistance of counsel from Woodward.

¶18   This Court has previously noted that "a petitioner seeking to reverse a district court's denial of a petition for postconviction relief based on a claim of ineffective assistance of counsel bears a heavy burden." *State v. Hagen*, 2002 MT 190, ¶ 17, 311 Mont. 117, ¶ 17, 53 P.3d 885, ¶ 17.  To assess a claim of ineffective assistance of counsel, both on direct appeal and in post-conviction proceedings, we apply the two-prong test from *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674.  *Hagen*, ¶ 17.  The first prong of the *Strickland* test requires the defendant to show that his counsel's performance was deficient.  To assess deficient performance, this Court applies the "reasonably effective assistance" test for whether a defendant's counsel acted within the range of competence demanded of attorneys in criminal cases.  *Hagen*, ¶ 17.  The second prong of the *Strickland* test requires the defendant to prove that his counsel's deficient performance so  prejudiced the defendant as to deprive him of a fair trial.  *Hagen*, ¶ 18.  In other words, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hagen*, ¶ 18 (citations omitted).

¶19   In the instant case, Schaff has proven neither that Woodward's performance was deficient, nor that Woodward's performance caused him prejudice.  That is, although Schaff alleges that he received ineffective assistance of counsel from Woodward, the record simply does not support his allegation.  In fact, the record reflects that Woodward was careful to let Schaff himself decide both: (1) whether or not to sign the plea agreement; and (2) whether to withdraw his guilty plea.  Further, the record shows that Woodward not only questioned

8

Schaff about his knowledge of his right to have another attorney at the hearing on his motion to withdraw his guilty plea, but that Woodward actually provided another attorney, by arranging for Selvey to attend the hearing in case Schaff wanted someone other than Woodward to represent him. A claim of ineffective assistance of counsel "must be grounded in facts found in the record, not on mere conclusory allegations." *Hagen*, ¶ 19 (citations omitted). Schaff's claims against Woodward are not grounded in facts found within the record of this case. Accordingly, we hold that the District Court did not err in denying Schaff's petition for post-conviction relief.

¶20 For the foregoing reasons, the judgment of the District Court is affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

9