No. 02-505

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 46

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GARY COBELL,

Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-01-021-2,
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Gary Cobell, *pro se*, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Brant Light, County Attorney, Great Falls, Montana

Submitted on Briefs:   January 23, 2003

Decided:   March 2, 2004

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Gary Cobell (Cobell) pled guilty, pursuant to a plea agreement, to possession of a deadly weapon by a prisoner in a facility, a felony, in violation of § 45-8-318, MCA (1999), and was sentenced to five years to the Department of Corrections (DOC) to be served consecutively to his other sentences. Appearing *pro se*, Cobell filed a petition for postconviction relief in the Eighth Judicial District Court, Cascade County, claiming that his counsel had been ineffective. The District Court summarily dismissed the petition. Cobell appeals this dismissal. We affirm.

¶2    The sole issue on appeal is as follows:

¶3    Did the District Court err in dismissing Cobell's petition for postconviction relief as a matter of law?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    On December 14, 2000, Cobell and a number of other inmates at the state prison side of the Cascade County Regional Detention Center got drunk on a prison-made brew concocted from tomatoes, sugar, and yeast. During their bout of drinking, several fights erupted and some of the inmates, including Cobell, began smashing footlockers, causing the metal attached to the lockers to become loose and separate. When confronted by correctional officers, Cobell grabbed the loose metal strips, wrapped them around his wrists, and threatened to stab the officers. The inmates were ordered several times to "lock down," or return to their cells, and refused. Control was re-established several hours later when the inmates relinquished their weapons and returned to their cells.

2

¶5     On January 17, 2001, Cobell was charged by Information with possession of a deadly weapon by a prisoner, a felony, in violation of § 45-8-318, MCA, and was subsequently appointed defense counsel. Cobell entered a plea agreement on April 12, 2001, wherein he agreed to plead guilty to the offense charged in exchange for the State's recommendation of a five-year sentence to the DOC, the minimum sentence prescribed by statute. By signing the plea agreement, Cobell acknowledged that he understood that the State's recommendation was not binding on the court in passing sentence. He also signed an "acknowledgment of waiver of rights by plea of guilty" form, underscoring the rights which were being relinquished pursuant to the plea agreement, and stating that he was satisfied with the services of his attorney.

¶6     A sentencing hearing was held June 14, 2001. Pursuant to the plea agreement, the State recommended a five-year term of commitment to the DOC, to run consecutively to the sentences Cobell was already serving. Cobell requested the sentence be suspended entirely. The court denied Cobell's request and sentenced him to five years to the DOC, with no part of the sentence suspended, and ordered the sentence to be served consecutively with his other sentences.

¶7     On May 22, 2002, Cobell filed a petition for postconviction relief alleging various claims, including ineffective assistance of counsel. The court summarily dismissed Cobell's petition, without hearing or responsive briefing. From this dismissal, Cobell appeals.

## STANDARD OF REVIEW

¶8     A district court may dismiss a petition for postconviction relief as a matter of law for failure to state a claim for relief. Section 46-21-201(1)(a), MCA. We review a district

3

court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Porter v. State*, 2002 MT 319, ¶ 13, 313 Mont. 149, ¶ 13, 60 P.3d 951, ¶ 13. However, claims of ineffective assistance of counsel are mixed questions of law and fact for which our review is *de novo*. *Hope v. State*, 2003 MT 191, ¶ 13, 316 Mont. 497, ¶ 13, 74 P.3d 1039, ¶ 13.

## DISCUSSION

**¶9      Did the District Court err in dismissing Cobell's petition for postconviction relief as a matter of law?**

¶10     Cobell asserts that the District Court erred when it summarily dismissed his petition for postconviction relief, which alleged ineffective assistance of counsel prior to the change of plea hearing and during sentencing. The State counters that the District Court correctly dismissed the petition because Cobell's allegations of ineffective assistance of counsel were unsupported by the record.

¶11     The District Court's order dismissing Cobell's petition consisted of one sentence denying the petition, with no explanation of the grounds upon which relief was denied. We take this opportunity to urge the district courts, in the event a petition for postconviction relief is found to be without merit, to set forth the reasoning for that conclusion, which will facilitate review of the district court's decision on appeal.

¶12     A person requesting postconviction relief has the burden to show, by a preponderance of the evidence, that the facts justify the relief. *Griffin v. State*, 2003 MT 267, ¶ 10, 317 Mont. 457, ¶ 10, 77 P.3d 545, ¶ 10. If a district court finds that the allegations in a petition

4

are without merit or would not otherwise entitle a petitioner to relief, a district court may deny an application for postconviction relief without holding an evidentiary hearing. *Bishop v. State* (1992), 254 Mont. 100, 107-08, 835 P.2d 732, 737; *State v. Peck* (1993), 263 Mont. 1, 3-4, 865 P.2d 304, 305-06.

¶13 In his petition for postconviction relief, Cobell alleged that he was denied his right to effective assistance of counsel when, prior to signing the plea agreement, counsel gave him the impression that he would receive a suspended sentence, and failed to advise him that his offense carried a five-year mandatory minimum sentence, which could only be reduced if one of the mitigating factors set forth at § 46-18-222, MCA, applied. Cobell maintained that if he had known his offense required a minimum of five years incarceration, he would not have pled guilty, and would have insisted on going to trial. Cobell also claimed that he was denied effective assistance of counsel at sentencing in that counsel failed to bolster any argument in support of an exception to the mandatory minimum sentence.

¶14 A petitioner seeking to reverse a court's denial of a petition for postconviction relief bears a heavy burden. *Schaff v. State*, 2003 MT 187, ¶ 18, 316 Mont. 453, ¶ 18, 73 P.3d 806, ¶ 18. In assessing claims of ineffective assistance of counsel, we apply the two-pronged test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The first prong of the *Strickland* test requires the defendant to show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. To demonstrate that counsel's performance was deficient, the defendant must prove that counsel's performance fell below the range of competence reasonably demanded of

5

attorneys in light of the Sixth Amendment. *Bishop*, 254 Mont. at 103, 835 P.2d at 734. The second prong of the *Strickland* test requires the defendant to prove that his counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. To show prejudice, the defendant alleging ineffective assistance of counsel must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *State v. Thee*, 2001 MT 294, ¶ 9, 307 Mont. 450, ¶ 9, 37 P.3d 741, ¶ 9. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Thee*, ¶ 9.

¶15 Although we have often discussed the performance component of an ineffectiveness claim prior to the prejudice component, we have recognized that a court is not required, when deciding an ineffective assistance claim, to approach the inquiry in that order, or even to address both components of the inquiry when the defendant makes an insufficient showing on one. *State v. Morgan*, 2003 MT 193, ¶ 10, 316 Mont. 509, ¶ 10, 74 P.3d 1047, ¶ 10; *State v. Hagen*, 2002 MT 190, ¶ 19, 311 Mont. 117, ¶ 19, 53 P.3d 885, ¶ 19. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Morgan*, ¶ 10; *Hagen*, ¶ 19.

¶16 Bearing the foregoing principles in mind, we turn to Cobell's claim that his defense counsel rendered ineffective assistance by failing to properly advise him of the mandatory minimum sentence prescribed by statute. Cobell maintains that he suffered prejudice as a result of counsel's allegedly deficient performance because, had he been properly advised, he would not have pled guilty and would have insisted on going to trial. However, this claim

6

is incredible in light of the record, which shows that the Information charging Cobell with the offense informed him that the maximum penalty for his crime was "a fine of not more than $50,000 and imprisonment in the state prison for a term *not less than 5 years* or more than 15 years or both." (Emphasis added.) Thus, notwithstanding counsel's alleged failure to advise his client of the mandatory minimum sentence, Cobell was on notice of the minimum sentencing requirements prior to entering the plea agreement, and nonetheless agreed to plead guilty. Accordingly, we are unconvinced that Cobell would have insisted on going to trial had he received additional notice of the sentencing requirements.

¶17    Moreover, we note that Cobell entered the plea agreement knowing that it was non-binding on the District Court. Assuming *arguendo* that Cobell's counsel failed to advise him as to the minimum sentencing requirements, Cobell still accepted the plea agreement understanding that the court was free to reject the agreement and impose any sentence it deemed appropriate. Given the uncertainty implicit in this arrangement, and the fact that Cobell received the benefit of his bargain–five years to the DOC–we conclude that Cobell was not prejudiced by counsel's alleged mistake. Because we find no prejudice, we decline to address whether counsel's performance was deficient under the first prong of *Strickland*, and uphold the District Court's dismissal of Cobell's petition for postconviction relief as a matter of law.

¶18    As a final matter, we note that Cobell claims ineffective assistance in that his attorney failed to argue in support of the statutory exceptions to the mandatory minimum sentencing requirements set forth at § 46-18-222, MCA. However, Cobell's argument consists of four

7

sentences in his opening brief and is not supported by any authority. This Court indulges a strong presumption that counsel's actions fall within the wide range of reasonable and professional assistance and Cobell has failed to overcome this presumption. *See Thee*, ¶ 8. Accordingly, we cannot conclude that defense counsel rendered ineffective assistance in this sense.

¶19    Affirmed.


                                                    /S/ JIM RICE

We concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

8