No. DA 06-0110

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 15N

_____

CHRIS MAHONEY,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and for the County of Yellowstone, Cause No. DV 05-965,
                  The Honorable Ingrid Gustafson, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

                Chris Mahoney (pro se), Deer Lodge, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Joslyn Hunt, Assistant Attorney
                General, Helena, Montana

                Dennis Paxinos, County Attorney; Mark Murphy, Deputy County
                Attorney, Billings, Montana

_____

Submitted on Briefs:  September 26, 2006

Decided:  January 23, 2007

Filed:

_____
                             Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Chris Mahoney (Mahoney) appeals an Order from the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief and other claims. We affirm.

¶3    On October 18, 1989, Mahoney pled guilty to attempted deliberate homicide, attempted sexual intercourse without consent, and use of a dangerous weapon, a knife, in the commission of both offenses. On November 22, 1989, he was sentenced to forty years in the Montana State Prison for the attempted deliberate homicide charge, eighteen years for sexual intercourse without consent, and an additional eight years for the use of the knife. All of the sentences were ordered to run consecutively. In addition, Mahoney was designated a dangerous offender under § 46-18-404(3), MCA (1989).

¶4    A person designated a dangerous offender was required to serve one-half of his sentence before becoming eligible for parole, while a person without such designation would be eligible for parole after serving one-fourth of his sentence. In 1995, the Legislature repealed those parts of § 46-18-404, MCA, which established the dangerous offender designation.

2

¶5 Mahoney argues that because the title to the 1995 bill which amended § 46-18-404 contained the word "abolish," the Legislature meant to eliminate the dangerous offender classification from any sentence that had been previously imposed. Thus, Mahoney now argues that because the dangerous offender designation was abolished, he became eligible for parole after serving only one-fourth of his sentence.

¶6 We review a district court's denial of a petition for postconviction relief to determine whether the findings of fact are clearly erroneous and whether the conclusions of law are correct. *Garrett v. State*, 2005 MT 197, ¶ 10, 328 Mont. 165, ¶ 10, 119 P.3d 55, ¶ 10. A petitioner seeking to reverse a district court's denial of a petition for postconviction relief bears a heavy burden. *State v. Cobell*, 2004 MT 46, ¶ 14, 320 Mont. 122, ¶ 14, 86 P.3d 20, ¶ 14.

¶7 After reviewing the record and the lower court Order, we conclude the District Court was correct when it found Mahoney's claim was time-barred. Under the current version of § 46-21-102, MCA,[1] a petition for postconviction relief must be brought within one year of a defendant's conviction becoming final. As the lower court noted, however, Mahoney failed to bring his petition within one year of either his 1989 conviction or the Legislature's repeal of § 46-18-404 in 1995. Even giving Mahoney the benefit of § 46-21-102 and its five-year statute of limitations that was in effect both at the time he committed his crime and when the Legislature repealed § 46-18-404, Mahoney

---

[1] Section 46-21-102, MCA, was amended in 1997 to reduce the statute of limitations for filing petitions for postconviction relief from five years to one year. The five-year statute of limitations was in effect both at the time Mahoney committed the offenses and when the Legislature repealed the dangerous offender classification found in § 46-18-404, MCA, of which Mahoney now complains.

3

still failed to bring his petition within the appropriate timeframe. Mahoney's petition fails because it is time-barred.

¶8 Mahoney's claim also fails on its merits. It is well settled that the statutes in effect at the time of the offense are used to determine what sentence is imposed. *See State v. Tracy*, 2005 MT 128, ¶ 16, 327 Mont. 220, ¶ 16, 113 P.3d 297, ¶ 16; *Dexter v. Shields*, 2004 MT 159, ¶ 13, 322 Mont. 6, ¶ 13, 92 P.3d 1208, ¶ 13; *State v. Muhammad*, 2002 MT 47, ¶ 24, 309 Mont. 1, ¶ 24, 43 P.3d 318, ¶ 24. Here, Mahoney committed and confessed to his crimes in 1989. Section 46-18-404(3), MCA, and its dangerous offender designation, was in effect at the time Mahoney committed the offenses for which he was sentenced. While the title to House Bill 356, 54th Legislature, 1995, did include the term "abolish," the legislation itself merely repealed § 46-18-404, and deleted the accompanying references to the dangerous or non-dangerous offender designations in other sections of the Montana Code. Moreover, the title to HB 356 actually says it is "repealing section 46-18-404." The 1995 change in the law did not affect Mahoney's parole eligibility date.

¶9 Finally, the District Court was correct in its determination that Mahoney's attempt to bring this action as one for a declaratory judgment under the Uniform Declaratory Judgment Act must fail because what he attempts to do is alter his sentence and not challenge a statute.

¶10 Affirmed.

/S/ JOHN WARNER

4

We Concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART