FILED

January 13 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0841

DA 13-0841

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 12N

RICHARD PHELPS EDWARDS,

  Petitioner and Appellant,

 v.

STATE OF MONTANA,

  Respondent and Appellee.

APPEAL FROM: District Court of the Twenty-Second Judicial District,
      In and For the County of Stillwater, Cause No. DV 12-22
      Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

    Matthew J. Wald, Wald Law Office, PLLC, Hardin, Montana

    Lisa J. Bazant, Attorney at Law, Billings, Montana

  For Appellee:

    Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
    Attorney General, Helena, Montana

    D. Ole Olson, Special Deputy County Attorney, Helena, Montana

    Nancy Rohde, Chief Deputy Stillwater County Attorney,
    Columbus, Montana

        Submitted on Briefs: November 19, 2014
             Decided: January 13, 2015

Filed:

             Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Richard Phelps Edwards (Edwards) appeals from the order of the District Court denying his petition for postconviction relief.  Edwards argues that the District Court abused its discretion when it denied his petition for postconviction relief without a hearing.  We affirm.

¶3      In March 2010, a jury in Stillwater County, Montana, convicted Edwards of deliberate homicide and tampering with evidence for the 2002 murder of Daniel Lavigne.  Edwards' ex-wife, Sherry Edwards, testified at the trial that she witnessed Edwards shoot Lavigne.  At the beginning of Sherry's cross-examination, defense counsel stated that she would be "kind of winging it, because I wasn't expecting to actually talk to you until tomorrow."  Defense counsel also stated, "I'm sorry, I'm not as fast or quite as prepared as I had anticipated being."  Sherry Edwards was later called in the defense's case-in-chief and questioned by a different member of the defense team.  Edwards asserts on appeal that his defense counsel was ineffective due to conflicts, lack of preparation, and failure to confront Sherry Edwards.

¶4 Edwards appealed the judgment and sentence, both of which were affirmed by this Court. The extensive history of this case can be found at *State v. Edwards*, 2011 MT 210, 361 Mont. 478, 260 P.3d 396 (*Edwards I*). This Court concluded that Edwards had not been denied effective assistance of counsel, holding that he was not prejudiced by the two statements. *Edwards I*, ¶ 27.

¶5 In March 2012, Edwards filed a petition for postconviction relief and requested an evidentiary hearing. After Edwards was appointed counsel, he amended his original petition. The District Court declined to grant a hearing and denied the petition based on the briefs and affidavits on file. Edwards appeals.

¶6 A petitioner seeking to reverse a court's denial of a petition for postconviction relief bears a heavy burden. *State v. Cobell*, 2004 MT 46, ¶ 14, 320 Mont. 122, 86 P.3d 20 (citations omitted). This Court reviews a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667 (citations omitted). "We review discretionary rulings in post-conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Beach*, ¶ 14 (citations omitted). To prevail on a claim of ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

¶7 The District Court denied the petition on the basis that this Court had already decided the issue of ineffective assistance of counsel as to the examination of Sherry Edwards. Edwards contends on appeal that the affidavits of his trial counsel show a level of "disfunction" [sic] that was not previously evident from the record that was available to the Court at that time. Edwards was afforded the opportunity for a direct appeal and raised the issue of effective assistance of counsel in his appeal to this Court. As such, he is barred from raising the same issue in a petition for postconviction relief. Section 46-21-105(2), MCA; *Hagen v. State*, 1999 MT 8, ¶ 13, 293 Mont. 60, 973 P.2d 233. We will not re-litigate an issue that has already been fully and finally litigated.

¶8 While Edwards maintains that he has raised new, non-record based issues, we disagree. The affidavits add no new facts demonstrating that Edwards was prejudiced by his trial counsel. As we stated in *Edwards I*, despite statements by defense counsel that she was unprepared, the defense obtained concessions by Sherry that she had lied to the police and made prior inconsistent statements. *Edwards I*, ¶ 25. The affidavits offered in Edwards' post-conviction relief petition do not change our prior holding that he was not prejudiced.

¶9 Edwards further asserts that had the District Court granted a hearing, his investigator, Mr. Ewalt, would have discussed facts outside the record related to the timeline and his defense team's inadequate investigation of that timeline. At trial, several witnesses discussed points of time of the relevant day's events. The transcript clearly indicates that both parties argued the timeline in closing statements. In the

postconviction order the District Court noted, "The jury heard, and rejected, the argument that there was no opportunity for Edwards to kill Lavigne." The District Court found that the timeline presented in the Ewalt affidavit did not constitute new evidence, but "merely recycles the same evidence presented at trial." A district court may decline to conduct a hearing if it finds that the allegations in the petition would not entitle a petitioner to relief. *Cobell*, ¶ 12. Edwards has not shown how the hearing would clarify the issue or provide additional facts other than those already set out in Ewalt's affidavit. It was not an abuse of discretion to deny Edwards' petition without a hearing.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE