FILED

03/27/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0247

DA 16-0247

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 63N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MICHAEL GORDON BEAUCHMAN,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 13-494
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad M. Wright, Chief Appellate Defender; Helena, Montana

Gregory D. Birdsong, Birdsong Law Office; Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant
Attorney General; Helena, Montana

Joshua A. Racki, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs:  December 6, 2017

Decided:  March 27, 2018

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, we decide this case by memorandum opinion, which shall not be cited and does not serve as precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Gordon Beauchman (Beauchman) appeals his conviction on Aggravated Burglary, a felony in violation of § 45-6-204, MCA, and Sexual Intercourse Without Consent, a felony in violation of § 45-5-503, MCA. Beauchman asserts that he received ineffective assistance of counsel (IAC) in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Montana Constitution Article II, Section 24, based on deficient pretrial motion practice and counsel's performance at trial. The issues asserted by Beauchman present mixed issues of law and fact which we review de novo. *Whitlow v. State,* 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. For the following reasons, we affirm.

¶3 The Sixth and Fourteenth Amendments to the United States Constitution, and Montana Constitution Article II, Section 24, guarantee criminal defendants the right to effective assistance of counsel. However, counsel's performance was constitutionally ineffective only if (1) the performance was deficient and (2) the deficient performance resulted in actual prejudice to the defendant's right to a fair trial. *Ariegwe v. State,* 2012

2

MT 166, ¶ 15, 365 Mont. 505, 285 P.3d 424; *Heath v. State*, 2009 MT 7, ¶ 17, 348 Mont. 361, 202 P.3d 118; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Whether on direct appeal or postconviction petition, an IAC claimant has the burden of demonstrating that counsel's performance was ineffective under both prongs of the *Strickland* analysis. A reviewing court may consider the *Strickland* prongs in either order and need not consider both if one is dispositive of an IAC claim. *Bomar v. State*, 2012 MT 163, ¶ 8, 365 Mont. 474, 285 P.3d 396; *Miller v. State*, 2012 MT 131, ¶ 13, 365 Mont. 264, 280 P.3d 272; *State v. Cobell*, 2004 MT 46, ¶ 15, 320 Mont. 122, 86 P.3d 20.

¶4  At trial, the State presented substantial evidence that Beauchman walked uninvited into the apartment of 39-year-old H. M., locked the door, pushed her down on her bed, and subjected her to forcible sexual intercourse. After Beauchman was gone, H. M. reported the incident to neighbors, friends, and ultimately the police. A police officer responded and took her to the hospital emergency room for a sexual assault examination. H. M. subsequently identified Beauchman as her assailant from a photo lineup. Upon request, Beauchman voluntarily accompanied a police officer to the police station for a recorded interview. Beauchman admitted being alone with H. M. in her apartment but claimed that he declined her sexual advances and asserted that he had no sexual contact with her.

¶5  After arresting Beauchman, police took him to the hospital emergency room for a forensic trace evidence examination. H. M. had been menstruating at the time of the alleged assault, and a subsequent forensic serology analysis revealed traces of H. M.'s

blood on Beauchman's hands and penis. A forensic expert also matched Beauchman's DNA with semen residue collected from H. M.'s body.

¶6 During pretrial proceedings, defense counsel, on the record and in communications with the State, vacillated on whether to have Beauchman evaluated for fitness to proceed. Counsel's vacillations resulted in numerous continuances and trial delays. On the State's motion, the District Court eventually ordered a fitness evaluation pursuant to § 46-14-202, MCA. After significant delay attributed to the population and work load at the state hospital, the State requested, and the District Court ordered, that a private clinical psychologist perform the fitness evaluation. Defense counsel did not object. After the court determined Beauchman fit to proceed based on the findings of the private evaluator, defense counsel requested yet another continuance, this time to obtain a neuropsychiatric (neuro-psych) evaluation to assess whether Beauchman's prior traumatic brain injury adversely affected his ability to assist in his defense. Counsel did not ultimately obtain the contemplated neuro-psych evaluation.

¶7 Before jury selection on the morning of trial, the District Court took notice that it had yet to rule on a non-specific motion *in limine* previously filed by the State for enforcement of the Montana Rape Shield statute. *See* § 45-5-511(2), MCA (generally prohibiting evidence or reference to the prior sexual history of a sexual assault victim). Upon challenge by the District Court as to why he had not responded to the State's motion, defense counsel responded that he had no need or obligation to respond because the State's non-specific motion would not preclude him from presenting evidence not precluded by

4

the Rape Shield statute. At trial, defense counsel ultimately called no witnesses, instead relying on evidentiary objection, cross-examination, and closing argument contrary to the State's case.

¶8 After the jury returned a guilty verdict, and upon subsequent notice that unspecified conflict had arisen between Beauchman and defense counsel prior to sentencing, the District Court allowed original counsel to withdraw and ordered that the Office of State Public Defender appoint new counsel to represent Beauchman at sentencing. At the sentencing hearing, new counsel presented mitigating evidence of Beauchman's mental impairment. After closely deliberating whether to find and apply an exception to a mandatory life sentence, the District Court ultimately sentenced Beauchman to serve a 25-year term in the Montana State Prison on Aggravated Burglary with a consecutive 65-year term on Sexual Intercourse Without Consent.

¶9 Under the first *Strickland* prong, defense counsel's performance is presumptively reasonable and sufficient within the "broad range of reasonable professional conduct" and "sound trial strategy." *Whitlow*, ¶ 21. *See also Worthan v. State*, 2010 MT 98, ¶ 10, 356 Mont. 206, 232 P.3d 380 (judicial review of counsel's performance "must be highly deferential"). Thus, counsel's performance is constitutionally deficient only if it fell "below an objective standard of reasonableness" under the totality of the circumstances and "prevailing professional norms." *Ariegwe*, ¶ 16. The Sixth Amendment and Article II, Section 24 guarantee only reasonably competent lawyers and assistance of counsel, not "perfect advocacy judged with the benefit of hindsight." *Bomar*, ¶ 19 (citing *Whitlow*,

¶ 32); *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 6 (2003).  A successful defense is not the measure of effective assistance of counsel.  *Bomar*, ¶ 19.

¶10    Under the first *Strickland* prong, Beauchman asserts that trial counsel's performance was deficient on multiple grounds, *i.e.*, failing to formally move for a pretrial fitness examination, failing to oppose the State's motion for a private evaluator to perform Beauchman's subsequently ordered fitness evaluation, failing to obtain the contemplated pretrial neuro-psych evaluation, failing to file a written response to the State's Rape Shield motion, failing to make an adequate oral argument in opposition to the motion on the morning of trial, failing to file a motion to suppress Beauchman's pre-arrest police interview, failing to call any defense witnesses, and failing to object to the State's allegedly confusing and burden-shifting references to the reasonable doubt standard.  However, even before counsel's rationale for failing to act becomes relevant, an IAC claimant must first make a threshold showing of a basis upon which to conclude that the disputed omission was deficient.  Merely citing a litany of omissions in counsel's performance is not sufficient to demonstrate that the performance was deficient.  Defense "counsel has no constitutional obligation to raise every non-frivolous issue" in a client's defense.  *Miller*, ¶ 14.  To overcome the presumption of effective assistance of counsel, an IAC claimant must demonstrate that the action not taken by counsel was meritorious and, more probably than not, would have been "clearly stronger" or more effective than the action taken.  *See Miller*, ¶ 14.

¶11 Here, Beauchman has not demonstrated meritorious grounds for opposing the State's motion for a private evaluator to perform the fitness evaluation, filing a written response to the State's non-specific Rape Shield motion, filing a motion to suppress Beauchman's pre-arrest police interview, or calling defense witnesses. Beauchman has similarly failed to demonstrate that the cited omissions in counsel's performance were objectively unreasonable outside the broad range of conceivable professional conduct under the totality of the circumstances. Beauchman asserts no non-record basis for his IAC claim. Beauchman has simply not met his burden of overcoming the presumption of effective performance of counsel based on record grounds amenable to review on direct appeal.

¶12 Even assuming *arguendo* that some or all asserted omissions of counsel were deficient, counsel's performance was constitutionally ineffective only if it is reasonably probable under the totality of the circumstances that the outcome would have been different but for the deficient performance. *Ariegwe*, ¶ 16; *Heath*, ¶ 17. In this context, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cobell*, ¶ 14. Pursuant to *U.S. v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 693 (1984), Beauchman asserts that the counsel's deficient performance was so comprehensive and pervasive to be presumptively prejudicial under the second *Strickland* prong.

¶13 As a narrow exception to the general rule that an IAC claimant must demonstrate that a deficient performance by counsel caused actual prejudice to the claimant's right to a fair trial, actual prejudice is presumed without requirement for further showing if a

7

defendant does not have counsel at a critical stage of the proceeding or "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 659, 104 S. Ct. at 2047; *accord City of Libby v. Hubbard*, 2018 MT 2, ¶¶ 16, 18, 390 Mont. 108, 408 P.3d 532.

¶14    Here, Beauchman had the assistance of counsel at all critical stages of the proceeding.  Regardless of other alleged deficiencies, counsel vigorously cross-examined the State's witnesses, made various objections to the State's evidence and presentation, and made a closing argument on Beauchman's behalf.  Despite his failure to respond to the State's Rape Shield motion, counsel elicited testimony from the State's forensic DNA expert that a mixture of DNA from two individuals was present on H. M.'s sanitary pad, thereby providing support for the defense theory that another person was present, sexually intimate with H. M., and thus the actual perpetrator of the alleged crimes.  Actual prejudice is presumed under the *Cronic* exception only "in extremely limited situations" where counsel completely fails to submit the prosecution's case to meaningful adversarial testing. *Rose v. State*, 2013 MT 161, ¶ 32, 370 Mont. 398, 304 P.3d 387; *accord Cronic*, 466 U.S. at 659, 104 S. Ct. at 2047.  "[O]nly non-representation, not poor representation," triggers the presumption of prejudice under the second *Strickland* prong.  *Hubbard*, ¶ 16. Beauchman has failed to demonstrate the *Cronic* analysis applicable under the facts of this case.

¶15    Beauchman has further failed to demonstrate that any actual prejudice resulted from the asserted deficiencies in counsel's performance.  The eventual court-ordered evaluation

8

determined that Beauchman was fit to proceed. No record basis exists upon which to conclude otherwise. Beauchman has identified no witnesses that could have provided helpful testimony in his defense. He has pointed to no otherwise admissible evidence excluded by the court due to counsel's initial failure to respond to the State's non-specific motion *in limine* or subsequent failure to present a more persuasive oral argument in regard thereto.

¶16 As to counsel's failure to object to the State's characterization of the reasonable doubt standard, the prosecutor stated during voir dire that:

> Reasonable doubt can be described as doubt you can justify after reviewing all the facts in evidence. It is doubt that has a reason behind it. It's not doubt based on a gut feeling, emotion, or guesses.

In her subsequent closing statement rebuttal, the prosecutor further stated:

> Remember, for you to find the Defendant not guilty, there has to be reasonable doubt. Doubt based on reason. You have to have a reason for that doubt. There is no such doubt in this case.

At the outset of the trial, the District Court correctly instructed the jury on the State's burden of proof and the reasonable doubt standard, to wit:

> The State of Montana has the burden of proving the guilt of the Defendant beyond a reasonable doubt. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would rely and act upon it in the most important of his or her own affairs. Beyond a reasonable doubt does not mean beyond any doubt or beyond a shadow of a doubt.

The District Court similarly instructed the jury again prior to submitting the case for jury deliberation. The court further instructed the jurors that they were to take the law from the jury instructions alone and to refer to those instructions for any necessary or desired

9

explanation. Though not as complete or precise as the court's instructions, the prosecutor's statements did not contradict, confuse, or dilute the court's clear and correct instructions on the reasonable doubt standard and the State's accompanying burden of proof. Juxtaposed against Beauchman's deficient showing on appeal, the State presented ample, if not overwhelming, evidence of his guilt at trial. Beauchman has failed to meet his burden under the second *Strickland* prong of demonstrating that the alleged deficiencies in counsel's performance actually prejudiced his right to a fair trial. We affirm.

¶17 We decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JIM RICE
/S/ BETH BAKER