FILED

10/15/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0563

DA 23-0563

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 230N

JORY RUSSELL STRIZICH,

    Petitioner and Appellant,

v.

STATE OF MONTANA,

    Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV-2023-191
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Paul N. Simon, Stephens Brooke, P.C., Missoula, Montana

    For Appellee:

    Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

    Kevin Downs, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  September 25, 2024

Decided:  October 15, 2024

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) , Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jory Russell Strizich appeals from the First Judicial District Court, Lewis & Clark County's Order denying his Petition for Postconviction Relief. The sole issue Strizich presents on appeal is whether the District Court abused its discretion when it declined to hold an evidentiary hearing on Strizich's petition for postconviction relief. We affirm.

¶3 Strizich was arrested after he broke into a cabin in Wolf Creek with Kaleb Daniels, leading to an exchange of gunfire between Daniels and Marshall Buus, the cabin's owner. A jury convicted Strizich of Aggravated Burglary, Criminal Possession of Dangerous Drugs, and Criminal Trespass to Property. Strizich appealed his conviction to this Court, and we affirmed the conviction. *State v. Strizich*, 2021 MT 306, ¶ 50, 406 Mont. 391, 499 P.3d 575 ("*Strizich I*"). Strizich then petitioned the District Court for Postconviction Relief, alleging ineffective assistance of counsel on the part of both his trial and appellate attorneys. The District Court ordered the State to respond to Strizich's petition. After receiving the State's response, the District Court denied the petition without a hearing.

¶4 This Court reviews a district court's denial of a petition for post-conviction relief based on whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Porter v. State*, 2002 MT 319, ¶ 13, 313 Mont. 149, 60

P.3d 951. Ineffective assistance of counsel claims are mixed questions of law and fact which this Court reviews de novo. *State v. Johnston*, 2010 MT 152, ¶ 7, 357 Mont. 46, 237 P.3d 70 (citing *State v. Kougl*, 2004 MT 243, ¶ 12, 323 Mont. 6, 97 P.3d 1095). "We review discretionary rulings in post-conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118.

¶5      Strizich argues that the District Court abused its discretion when it denied his petition without holding an evidentiary hearing and before he had the opportunity to file a reply to the State's response brief. A person requesting postconviction relief must show, by a preponderance of the evidence, that the facts justify the relief. *State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20. A petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. If the district court orders a responsive pleading from the State, then "[f]ollowing its review of the responsive pleading, the court may dismiss the petition as a matter of law for failure to state a claim for relief or it may proceed to determine the issue." Section 46-21-201(1)(a), MCA; *Heath*, ¶ 16. The statute does not require the district court to consider a reply brief from the petitioner before ruling on the petition, and "[n]ot all circumstances require the district court to hold an evidentiary hearing on a petition for post-conviction relief." *Heath*, ¶ 21. We have held that, depending on the

circumstances of an individual case, the district court abused its discretion by dismissing a petition for postconviction relief without an evidentiary hearing. *Heath*, ¶¶ 21, 27.

¶6    Article II, Section 24 of the Montana Constitution and the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, guarantee a defendant the right to effective assistance of counsel. *State v. Secrease*, 2021 MT 212, ¶ 13, 405 Mont. 229, 493 P.3d 335 (citing *State v. Santoro*, 2019 MT 192, ¶ 14, 397 Mont. 19, 446 P.3d 1141).  In assessing ineffective assistance of counsel claims, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Secrease*, ¶ 13.  Under the *Strickland* test, the defendant must (1) demonstrate that "counsel's performance was deficient or fell below an objective standard of reasonableness" and (2) "establish prejudice by demonstrating that there was a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *Secrease*, ¶ 13 (quoting *Kougl*, ¶ 11).  When employing this test, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Trull*, 2006 MT 119, ¶ 22, 332 Mont. 233, 136 P.3d 551 (quoting *State v. Weldele*, 2003 MT 117, ¶ 70, 315 Mont. 452, 69 P.3d 1162).  A petitioner fails to state a claim for relief based on ineffective assistance of counsel when he fails to provide sufficient evidence in his petition to support both prongs of the analysis. *Griffin v. State*, 2003 MT 267, ¶ 11, 317 Mont. 457, 77 P.3d 545.

4

¶7     Strizich asserts three bases for his ineffective assistance of counsel claims: (1) trial and appellate counsel were ineffective by failing to object to or argue that certain evidence of Strizich's flight from Elkhorn Healthcare and Rehabilitation ("Elkhorn") violated his right to a fair trial under the Fourteenth Amendment; (2) trial counsel was ineffective by failing to object to the District Court's mental state instructions as they applied to the aggravating element of his Aggravated Burglary charge; and (3) appellate counsel was ineffective by failing to argue sufficiency of the evidence in Strizich's appeal.

Evidence of Flight from Elkhorn

¶8     Strizich argues that his trial counsel provided ineffective assistance by failing to object to the State's presentation of evidence about his flight from Elkhorn on the grounds that it violated his due process rights under the Fourteenth Amendment to the United States Constitution. Strizich argues that this evidence unconstitutionally permitted the jury to draw an inference of consciousness of guilt based on the flight of a third party.[1] Although Strizich's appellate counsel argued on direct appeal that the evidence of his escape from Elkhorn should have been excluded under M. R. Evid. 402, 403, and 404(b), Strizich argues that his appellate counsel was nevertheless ineffective because he did not also argue that the evidence violated his right to a fair trial under the Fourteenth Amendment. Strizich also argues that his appellate counsel was ineffective because he did not argue that evidence should have been admitted that the car in which Strizich fled was stolen. Strizich's argument fails both the *Strickland* prongs.

---

[1] Strizich fled Elkhorn with assistance from three other individuals. *Strizich I*, ¶ 4.

¶9     Other than generally referencing the Fourteenth Amendment, Strizich cites no legal authority or precedent in support of his argument on this issue. Trial counsel is not under any obligation to advance novel or unprecedented legal theories. *Weldele*, ¶ 70 ("[T]here is a strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" (quoting *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066)); *Jones v. Barnes,* 463 U.S. 745, 754, 103 S. Ct. 3308, 3314 (1983) ("For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy . . . ."); *Smith v. Murray,* 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986) ("Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (quotation omitted)). In light of the fact that Strizich can provide no substantive legal basis in support of his argument, we are hard pressed to conclude that his counsels' ostensible failure to raise the objection at trial or argue it on appeal was objectively unreasonable.

¶10     Even assuming for the sake of argument that Strizich satisfied the first *Strickland* prong, we held in *Strizich I* that the introduction of the Elkhorn evidence did not render "the trial fundamentally unfair." *Strizich I*, ¶ 38. Strizich does not advance any new argument to suggest that determination was incorrect. We have rendered our final decision on this issue, and any opportunity Strizich had to challenge that decision has passed. Strizich has failed to establish that the admission of this evidence prejudiced his defense.

6

The District Court did not err when it rejected Strizich's argument that his trial and appellate counsel were ineffective on this issue.

Mental State Instructions

¶11 Strizich argues that his trial counsel provided ineffective assistance when he failed to object to the District Court's mental state instructions as they applied to the aggravating element of his aggravated burglary charge. As it pertains to Strizich's conviction for aggravated burglary in this case, the aggravating element of aggravated burglary required the State to prove that Strizich:

> knowingly enter[ed] or remain[ed] unlawfully in an occupied structure and . . . in the course of committing [an] offense or in immediate flight after effecting entry or committing the offense . . . [he] purposely, knowingly, or negligently inflict[ed] or attempt[ed] to inflict bodily injury upon anyone.

Section 45-6-204, MCA. The District Court instructed the jury as to all three mental states. Strizich's trial counsel did not object to the instructions given.

¶12 Strizich argues that "[a]s to the third element of Aggravated Burglary specifically, absent in the jury instructions were result-based mental state definitions for 'knowingly' and 'purposely.'" Strizich argues "a proper definition of each mental state required to make a burglary 'aggravated' must be result-based." Strizich asserts that his trial counsel's failure to object to the instructions given or to offer alternative result-based instructions constituted deficient performance, and that "[a] reasonable probability exists that, but for trial counsel's unprofessional errors, a properly instructed jury would have acquitted Strizich of Aggravated Burglary or convicted him of a lesser included offense."

7

¶13    We have never determined whether the third element of Aggravated Burglary is conduct-based or result-based.  While it is not necessary for us to make that determination in this instance, the fact that specific to this element the legislature saw fit to allow the jury to find the aggravation element upon a determination of any one of the requisite mental states suggests an intent to broaden, rather than narrow, the circumstances by which an individual could be convicted of Aggravated Burglary.  Although Strizich makes a colorable argument for a result-based instruction in this appeal, in light of the absence of any definitive caselaw and the expansive breadth of the mental state as to this element, we decline to second-guess his trial counsel's reasonable professional judgment and impose a duty to assert every colorable claim.  *Jones,* 463 U.S. at 754, 103 S. Ct. at 3314.  Strizich's argument has not rebutted the "strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Weldele*, ¶ 70 (internal quotation omitted).

¶14    We also note, as the District Court noted in denying Strizich's petition, that we addressed this issue on direct appeal and declined to exercise plain error review of the argument because we concluded: "Taken as a whole, these instructions fully and fairly instructed the jury on each mental state definition as it may apply to different elements of aggravated burglary, *including the aggravating factor charged*."  *Strizich I*, ¶ 49 (emphasis added).  Although we recognize that the standard for plain error review is not the same as for ineffective assistance of counsel, our assessment on direct appeal that the instructions fully and fairly instructed the jury as to each mental state definition, including the

8

aggravating factor element, undermines Strizich's argument that but for his trial counsel's failure to raise this unprecedented argument, there was a reasonable probability that the trial result would have been different. *See State v. St. Marks*, 2020 MT 170, ¶ 24, 400 Mont. 334, 467 P.3d 550 (recognizing that while the inquiries for plain error review and ineffective assistance of counsel are not the same, our conclusion that plain error review was not necessary to preserve the fundamental fairness of the trial proceeding compelled us to likewise conclude that the claimed error by trial counsel in failing to object to a jury instruction did not prejudice the defendant by raising a reasonable probability that the trial result would have been different but for counsel's performance).

¶15    The District Court did not err by rejecting Strizich's claim that his trial counsel was ineffective by not objecting to the mental state jury instructions as they pertained to the third element of aggravated burglary.

Sufficiency of the Evidence

¶16    Strizich argues that his appellate counsel was ineffective when he failed to appeal the sufficiency of the evidence supporting his conviction for Aggravated Burglary. Under § 45-6-204, MCA, a person commits aggravated burglary if the person (1) "knowingly enters or remains unlawfully in an occupied structure," (2) with "the purpose to commit an offense" therein, and (3) "in . . . immediate flight after effecting entry or committing the offense . . . the person purposely, knowingly, or negligently inflicts or attempts to inflict bodily injury upon anyone." Bodily injury "means physical pain, illness, or an impairment of physical condition *and includes mental illness or impairment*." Section 45-2-101(5),

9

MCA (emphasis added).  Strizich argues that his appellate counsel should have argued on direct appeal that the evidence in the record was insufficient for a jury to conclude that he had injured Buus.

¶17    At trial, the State argued that Strizich had injured Buus "purposely or knowingly or negligently" by approaching Buus during the shootout, causing Buus to suffer long-term sleep and behavioral issues.  Strizich argues that because the State relied on the "mental illness or impairment" definition of bodily injury, it was required to put on an expert witness to explain mental injury to a lay jury.  Strizich contends that his appellate counsel provided ineffective assistance by failing to raise this argument on appeal.

¶18    Strizich's argument fails the first prong of the ineffective assistance of counsel analysis because his appellate counsel's failure to raise this argument was not objectively unreasonable.  In support of his Petition, Strizich submitted an affidavit from his appellate counsel admitting that he was "unaware" that he could raise a sufficiency of the evidence claim even though no objection was made below and that it was "error on [his] part" not to raise the issue on appeal.  But appellate counsel also acknowledged that he "did not believe the record supported a challenge to the sufficiency of the evidence," and noted "that appellate counsel is not required to raise every issue[], regardless of merit, that is urged by [a] defendant."  Counsel is not deficient by failing to raise "every 'colorable' claim suggested by a client." *Jones*, 463 U.S. at 754, 103 S. Ct. at 3314.  Appellate counsel's affidavit acknowledges that he might have made a different argument on appeal, but that he had to make difficult decisions in the moment in selecting which arguments he made.

10

The District Court did not err when it rejected Strizich's ineffective assistance claim on these grounds.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not abuse its discretion when it declined to hold an evidentiary hearing on Strizich's petition for postconviction relief. The District Court's Order denying Strizich's petition for postconviction relief is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

Justice Laurie McKinnon, concurring.

¶1 In our decision on appeal, this Court concluded that evidence of Strizich's flight was admissible at his trial. I dissented and maintained that evidence of Strizich's flight was inadmissible and that Strizich's conviction should be reversed. Today, I only concur because the Court dispositively resolved the issue pertaining to the flight evidence in Strizich's appeal and, therefore, there is no further basis to consider it in a postconviction relief petition.

/S/ LAURIE McKINNON

11

Justice Ingrid Gustafson joins in the concurring Opinion of Justice Laurie McKinnon

/S/ INGRID GUSTAFSON